## W. A. Welsh v. The State.

1. **Felony** is defined by our Code to be any "offense which is punishable by death, or by imprisonment in the penitentiary either absolutely or as an alternative; every other offense is a misdemeanor." Pasc. Dig., art. 1658.

2. **Witness.** — A conviction for a felony disqualifies the party as a witness unless he has been pardoned; a conviction for a misdemeanor does not, though the misdemeanor be theft of property worth less than $20.

Appeal from the County Court of Victoria. Tried below before the Hon. R. H. Coleman.

The offense was purchasing cattle hides without taking a bill of sale.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

White, J.   The 12th section of the act of 1876, entitled " An act to encourage stock-raising and for the protection of stock-raisers " (Gen. Laws Fifteenth Legislature, page 297), provides that " every person who shall purchase any hides of cattle shall, at the time of purchasing the same, obtain from the owner thereof, or from his legally authorized agent, a bill of sale in writing, certified to by the inspector, or by any officer authorized to take acknowledgements, which bill of sale shall recite in full the marks and brands of each hide, the weight thereof, and whether the same is dry or green." The punishment for a violation of this provision is contained in the 39th section of said act, which reads as follows : " Any person who shall purchase any animals, or hides of cattle, without obtaining a bill of sale from the owner or his agent, as required by sections 11 and 12 of this act, shall be deemed guilty of a misdemeanor, and on conviction shall be fined in any sum

not less than twenty nor more than one hundred dollars for each animal or hide so purchased." Gen. Laws Fifteenth Legislature, 303.

Under these statutes the appellant in this case was tried and convicted of purchasing seven hides without procuring a bill of sale from the owner or his agent, and his punishment affixed by the jury at a fine of $140.

On the trial the state offered as a witness one Alex. Jefferson, to whose testimony defendant objected, upon the ground that, at a former day of the term, the said witness had been convicted of theft. And in support of his objection he offered in evidence the judgment of the court convicting said witness of theft, and inflicting the punishment, as found by the jury, at ten days' confinement in the county jail and a fine of $50. The court overruled the objection, permitted the witness to testify, and this is made one of the principal grounds of complaint in the defendant's bill of exceptions and in his assignment of errors.

Article 644 of the Code of Criminal Procedure (Pasc. Dig., art. 3119) enumerates the only class of persons who, under our law, are rendered incompetent to testify in criminal actions. Subdivision 5 of said article excludes " all persons who have been, or may be, convicted of felony in this or any other state of the United States, or of any other state or kingdom, unless such person or persons may have been pardoned for such crime." Our Code defines a felony to be " every offense which is punishable by death, or by imprisonment in the penitentiary either absolutely or as an alternative ; every other offense is a misdemeanor." Pasc. Dig., art. 1658.

The offense of which the witness was found guilty and punished not being a felony, the court did not err in overruling defendant's objections and allowing him to testify.

The general charge of the court to the jury gave the law applicable to the facts, and the instructions given at the

instance of the defendant were certainly as favorable for the defendant as could reasonably have been desired. The refusal of the second special instruction was not error.

We find nothing in the record calling for a reversal of the case. It may be a hardship that a citizen should be compelled to pay a heavy fine for failing to obtain a bill of sale for property which he seems to have purchased in good faith. Suffice it to say, the law is thus written, and it is not our duty or province to say whether it is politic or impolitic, expedient or inexpedient.

There being no error, the judgment of the lower court is affirmed.

*Affirmed.*